**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter K. Naki, | No. CV-13-02189-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| State of Hawaii, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's Motion for Reconsideration of the Court's Order Filed on August 5, 2015 (Doc. 131).

## I.      Background

On August 5, 2015, the Court granted Defendant Corrections Corporation of America's ("Defendant") motion for summary judgment. (Doc. 127). The Court excluded Plaintiff's expert witness pursuant to Federal Rule of Evidence 702, and concluded in the absence of any expert witness that Plaintiff could not prevail on his state-law negligence claim. (*Id.* at 8-9). The Court also concluded that Defendant was entitled to summary judgment on Plaintiff's Eighth Amendment claim. (*Id.* at 12).

On August 19, 2015, Plaintiff filed the pending motion for reconsideration. (Doc. 131). Before the Court could address this motion, on September 4, 2015, Plaintiff filed a notice of appeal to the Ninth Circuit Court of Appeals. (Doc. 132).

## II.     Nature of Plaintiff's Motion

Although Plaintiff captions his motion as a motion for reconsideration, there is no

provision in the Federal Rules of Civil Procedure for the filing of motions for reconsideration. Nevertheless, the Local Rules of Civil Procedure for the District of Arizona ("Local Rules") permit the filing of motions for reconsideration within fourteen days. LRCiv 7.1(g). The Court has previously distinguished between motions for reconsideration, which address interlocutory orders, and motions filed under Federal Rule of Civil Procedure ("Rule") 59(e) and 60(b), which provide for relief from final judgments or orders. In *Motorola, Inc. v. J.B. Rodgers Mechanical Contractors*, 215 F.R.D. 581, 582-83 & n.1 (D. Ariz. June 18, 2003), the Court distinguished between motions under Rules 59(e) or 60 and motions for reconsideration of interlocutory orders. There, the Court cited the Local Rules' discussion of motions for reconsideration in the context of reconsidering interlocutory orders. 215 F.R.D. at 583. Consistent with that case, a motion for reconsideration is proper when the order that is the subject of the motion is an interlocutory order.

On the other hand, the Court ordinarily treats a motion for reconsideration of a final order as being made under Rule 59(e). *DIRECTV Inc. v. Eagle West Commc'ns Inc.*, 2015 WL 274059, at *1 (D. Ariz. Jan. 22, 2015); *see also School Dist. No. 1J, Multnomah Cty. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). Accordingly, the Court will treat Plaintiff's motion for reconsideration as a motion under Rule 59(e).

Rule 59(e) permits a party to file a motion to alter or amend a judgment within 28 days after the entry of the judgment. "Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). Because the Court treats the present motion as a Rule 59 motion, the Court was not divested of jurisdiction by Plaintiff's filing of a notice of appeal. Fed. R. App. Proc. 4(a)(4)(B)(i).

**III.    Analysis**

Plaintiff argues the Court erred in concluding that a state-law negligence claim

arising out of prison operations requires expert witness testimony. (Doc. 131 at 2). The Court quoted, in its original Order, *St. Joseph's Hospital and Medical Center v. Reserve Life Insurance Company*, 742 P.2d 808 (Ariz. 1987) for the proposition that when "the alleged lack of care occurred during the professional or business activity, the plaintiff must present expert witness testimony as to the care and competence prevalent in the business or profession." (Doc. 127 at 9). This statement in *St. Joseph's* is a reference to a holding in *Powder Horn Nursery, Inc v. Soil & Plant Laboratory, Inc.*, 579 P.2d 582 (Ariz. Ct. App. 1978). *See St. Joseph's*, 742 P.2d at 808 ("Where, as in *Powder Horn Nursery*, the alleged lack of care occurred . . . ").

In *Powder Horn Nursery*, the Arizona Court of Appeals relied on an earlier case to conclude that:

> Where, as here, the duty which the law recognizes arises because the defendant has held himself out to be trained in a particular trade or profession, the standard required for the protection of customers against unreasonable risks must be established by specific evidence. It cannot be left to conjecture nor be established by argument of counsel. In the absence of evidence establishing the requisite standard of care and that defendant's conduct failed to meet that standard, there was no basis upon which the jury could have found defendant liable to the plaintiff, and therefore the trial court did not commit error in refusing to submit the matter to the jury.

*Powder Horn Nursery*, 579 P.2d at 587 (quoting *Kreisman v. Thomas*, 469 P.2d 107, 113 (Ariz. Ct. App. 1970)). The issue in *Powder Horn Nursery* was the appropriate standard of care owed by a professional plant laboratory to its customers. *Id.* at 583, 585. In turn, *Kriesman v. Thomas* involved the standard of care owed by a seller of hearing aids to his customers; there, the court held that the "standard required for the protection of others against unreasonable risks is that the defendant exercise the skill and knowledge normally possessed by members of that trade or profession in good standing in similar communities." *Kriesman*, 469 P.2d at 112. Thus, the line of cases culminating in *St. Joseph's Hospital* concerned the standard of care in professional malpractice. As the Arizona Court of Appeals explained in *Bell v. Maricopa Medical Center*, 755 P.2d 1180

(Ariz. Ct. App. 1988):

> In the ordinary negligence action, the standard imposed is that of the conduct of a reasonably prudent man under the circumstances. In such cases, it is not necessary for the plaintiff to present evidence to establish the standard of care because the jury can rely on its own experience in determining whether the defendant acted with reasonable care under the circumstances.
>
> Within their areas of expertise, health care providers and other professionals are held to a higher standard of care than that of the ordinary prudent person. In professional malpractice cases, the reasonable man standard is therefore replaced by a standard based upon the usual conduct of other members of the defendant's profession in similar circumstances. In such cases, the plaintiff must present evidence of this accepted professional conduct to enable the jury to determine the applicable standard. The plaintiff must then establish the professional defendant's negligence by demonstrating that his conduct deviated from the standard.

*Bell*, 755 P.2d at 1182 (citations omitted).

Arizona courts have held that "[t]he threshold test for expert testimony is whether it will assist the trier of fact." *Messina v. Midway Chevrolet Co.*, 209 P.3d 147, 152 (Ariz. Ct. App. 2008). "Expert testimony is unnecessary when the disputed subject is something that persons unskilled in the relevant area are capable of understanding and are therefore able to decide relevant fact questions without the opinions of experts." *Rudolph v. Ariz. B.A.S.S. Federation*, 898 P.2d 1000, 1004 (Ariz. Ct. App. 1995) (holding that expert testimony was not necessary to determine whether the defendants held a fishing tournament in a reasonable manner); *see also Rossell v. Volkswagen of Am.*, 709 P.2d 517, 524 (Ariz. 1985) (expert testimony unnecessary to establish the standard of care unless "factual issues are outside the common understanding of jurors").

In the present case, Plaintiff alleges that Defendant breached its duty by refusing to reassign Plaintiff from the top level of his in-cell bunk bed to the bottom level of the bed when Defendant should have known that Plaintiff's short height exposed Plaintiff to excessive risk of harm. (Doc. 39 at 9). Plaintiff also alleges that Defendant instructed Plaintiff to stack unstable plastic crates on the floor of his cell in order to reach the top bunk and repeatedly ignored Plaintiff's complaints regarding the difficulty of reaching

the top bunk. (*Id.*)

This Court has recently held that a claim for negligence against prison officials in the failure to provide medical attention in some circumstances does not require expert testimony as to the standard of care. *See Reidhead v. Arizona*, 2014 WL 2861046, at *6 (D. Ariz. June 24, 2014). In *Reidhead*, the plaintiff alleged that the defendant's negligence arose from failure to conduct security checks consistent with Defendant's own policy, guards' failure to inform other guards' about the inmate having breathing problems, the failure to timely respond to the inmate's complaint of breathing problems, and the failure to seek immediate help when the inmate complained of the symptoms of a heart attack. *Id.* The Court held that expert testimony was not necessary as to the standard of care in these circumstances. *Id.*

Accordingly, the Court will require Defendant to file a response addressing whether the Arizona cases governing expert testimony require expert testimony on the standard of care in this case or whether the allegations in this case would be within "the common understanding of jurors."

**IV.     Conclusion**

Accordingly,

**IT IS ORDERED** that Defendant shall file a response to Plaintiff's motion for reconsideration (Doc. 131) on or before September 25, 2015. Plaintiff may file a reply to Defendant's response on or before October 2, 2015.

Dated this 11th day of September, 2015.

James A. Teilborg
Senior United States District Judge